UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

UNITED STATES OF AMERICA,

                Plaintiff,

        v.                                         26-CV-1336

APPROXIMATELY 263,549.00 TETHER (USDT)
FROM TDrkFcaCqAv2YMWGKMrjd9Hyewgy183Sek
ON THE TRON NETWORK,

APPROXIMATELY 51,627.00 TETHER (USDT)
FROM TRiEMmj5f463iEkU3p9c45eRpYcbZxXiQr
ON THE TRON NETWORK, AND

APPROXIMATELY 72,544.00 TETHER (USDT)
FROM TXm341SmAvnZxL1YAGvhRSxJMnCoE2tJTU
ON THE TRON NETWORK,

                Defendants *in rem*.

___

## VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, by its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, Melanie J. Bailey, Assistant United States Attorney, of counsel, for its Verified Complaint herein alleges as follows:

1.      This is an action *in rem* for the forfeiture of:

    i.    APPROXIMATELY 263,549.00 TETHER (USDT) HELD IN TDrkFcaCqAv2YMWGKMrjd9Hyewgy183Sek ON THE TRON NETWORK;

    ii.    APPROXIMATELY 51,627.00 TETHER (USDT) HELD IN TRiEMmj5f463iEkU3p9c45eRpYcbZxXiQr ON THE TRON NETWORK; and

    iii.    APPROXIMATELY 72,544.00 TETHER (USDT) HELD IN TXm341SmAvnZxL1YAGvhRSxJMnCoE2tJTU ON

1

THE TRON NETWORK, (hereinafter, the "defendant property").

2.     The defendant property is subject to civil forfeiture pursuant to (1) Title 21, United States Code, Section 881(a)(6), as property furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate any distribution of controlled substances distribution; (2) Title 18, United States Code, Section 981(a)(1)(C) as property constituting proceeds from specified unlawful activity (hereinafter "SUA/Narcotics Proceeds"), specifically proceeds from violations of Title 21, United States Code, Section 841(a) (drug trafficking); and/or (3) Title 18, United States Code, Section 981(a)(1)(A) as property involved in violations of Title 18, United States Code, Section 1956 (money laundering), or property traceable thereto, which are punishable by more than one year of imprisonment.

## JURISDICTION AND VENUE

3.     The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395. Venue is properly premised in the Western District of New York pursuant to Title 28, United States Code, Sections 1355, and 1395.

## FACTS

4.     The facts and circumstances supporting the forfeiture of the defendant property is contained in the Affidavit of Special Agent Jeffrey J. Ritter, Internal Revenue Service, a copy of which is attached hereto as Exhibit A and incorporated as though fully set forth herein

and has been provided to the Court with an application that it remain under seal until further Order of the Court.

## CONCLUSION AND REQUESTS FOR RELIEF

5.      The government submits that the defendant property is subject to forfeiture to the United States of America pursuant to (1) Title 21, United States Code, Section 881(a)(6), as property furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate any distribution of controlled substances distribution, (2) Title 18, United States Code, Section 981(a)(1)(C) as property constituting SUA/Narcotics Proceeds, specifically proceeds from violations of Title 21, United States Code, Section 841(a) (drug trafficking); and/or (3) Title 18, United States Code, Section 981(a)(1)(A) as property involved in violations of Title 18, United States Code, Section 1956 (money laundering), or property traceable thereto.

**WHEREFORE**, the United States of America respectfully requests that:

(1)      a Notice of Complaint for Forfeiture against the defendant property be issued for the defendant property;

(2)      notice of this action be given to all persons known or thought to have an interest in or right against the defendant property;

(3)      a judgment be entered declaring the defendant property condemned and forfeited to the United States of America for disposition in accordance with the law;

(4)      the costs of this suit be paid to and recovered by the United States of America; and

(5)      the Court grant such other and further relief as deemed just and proper.

DATED:      July 2, 2026 Buffalo, New York


MICHAEL DIGIACOMO
United States Attorney

BY:    s/MELANIE J. BAILEY
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5863

4

STATE OF NEW YORK   )
COUNTY OF ERIE       )     ss.:
CITY OF BUFFALO     )

     I, Special Agent Jeffrey J. Ritter, being duly sworn, deposes and says:

     I am a Special Agent with the Internal Revenue Service ("IRS") assigned to Buffalo, New York. I am assigned to the investigation involving the defendant property. The facts alleged in the Verified Complaint for Forfeiture are true to the best of my knowledge and belief and were obtained during the course of the investigation of the defendant property from the official files of the IRS and provided to the officials of the United States Department of Justice, United States Attorney's Office.

                       *s/Jeffrey J. Ritter*
                       JEFFREY J. RITTER
                       Special Agent
                       Internal Revenue Service -CI

Sworn to before me this 2nd day of
July, 2026.

*s/Kathleen M. Rieman*
KATHLEEN M. RIEMAN
Notary Public, State of New York
Qualified in Erie County
Reg. No. 01R149866756
My Commission Expires 9-23-2029